Jeanette E. McPherson, Esq., NV Bar No. 5423
Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:       (702) 228-7590
Facsimile:        (702) 892-0122
E-Mail:            bkfilings@s-mlaw.com

*Proposed Attorneys for Yvette Weinstein, Trustee*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In re:                          | Case No. BK-S-15-10462-MKN |
|---------------------------------|----------------------------|
| LIONEL SAWYER & COLLINS, LTD.,  | Chapter 7                  |
| Debtor.                         | **MOTION TO COMPEL DELIVERY AND ACCOUNTING AGAINST RECEIVER PURSUANT TO 11 U.S.C. § 543 AND FED.R. BANKR. P. 6002; OPPOSITION TO EMERGENCY MOTION TO EXCUSE RECEIVER FROM TURNOVER PURSUANT TO 11 U.S.C. § 543(d)**<br><br>Date: OST Requested<br>Time: OST Requested |

Yvette Weinstein, Trustee, by and through her counsel, Schwartzer & McPherson Law Firm, hereby files this Motion To Compel Delivery And Accounting Against Receiver Pursuant To 11 U.S.C. § 543 And Fed.R. Bankr. P. 6002; Opposition To Emergency Motion To Excuse Receiver From Turnover Pursuant To 11 U.S.C. § 543(d) ("Motion and Opposition"). This Motion and Opposition is made and based upon 11 U.S.C. § 543, Fed.R.Bankr. P. 6002 and 9014, the Points and Authorities set forth herein, the pleadings on file, and any argument entertained at the time of hearing this matter. As set forth herein, the Trustee requests that, in accordance with 11 U.S.C. § 543 and Fed.R.Bankr. P. 6002, the receiver immediately deliver all property of the Debtor to the Trustee and provide an accounting to the Trustee.

### POINTS AND AUTHORITIES

#### Facts

1.      On January 30, 2015 (the "Petition Date"), Lionel Sawyer & Collins, Ltd.

1. ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code ("Petition").

2. This Court has jurisdiction of this matter pursuant to 11 U.S.C. § 543. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

3. Yvette Weinstein is the duly appointed and acting Chapter 7 Trustee (the "Trustee").

4. Prior to the Petition Date, on January 9, 2015, Western Alliance Bank ("WAB") filed a Complaint to have a receiver appointed in the District Court, Clark County, Nevada ("State Court").

5. On January 13, 2015, WAB filed an Application For Writ Of Possession, Motion To Appoint Receiver, And Request For Hearing On Order Shortening Time ("Receiver Application"). As set forth in the Receiver Application, WAB stated that is was owed "no less than $3,129,445.23" as of January 8, 2015. In its motion to excuse turnover, WAB also states that it is owed in excess of three million dollars. See Motion at p. 4. Contrary to these statements, WAB, in connection with filing a motion for stay relief, has now stated it is owed $2,739,882.27 as of February 2, 2015.

6. On January 23, 2015, an Order Appointing A Receiver And Setting Hearing And Setting Status Hearing was entered by the State Court ("Receiver Order"). Pursuant to the Receiver Order, MCA Financial Group, Ltd., by and through its senior managing director, Keith Bierman, was appointed as receiver of the Debtor (the "Receiver") "for the Defendant's Accounts, including all books, records and contract rights that are included or related to the Collateral, as well as all Defendant's personal, tangible and intangible property used in Defendant's business operations (all of the foregoing collectively referred to herein after as the "Receivership Property"), and that [sic] the tangible Collateral and the records relating to the Collateral[.]."

7. Upon information and belief, the Receiver has taken possession of the Debtor's personal property, including without limitation, accounts, records, and bank accounts belonging to the Debtor (the "Property").[1] The Debtor has valued the Property, including the accounts, on its

---

[1] The Receiver did not take possession of the personal property located in the Debtor's premises in Las Vegas,

Motion To Compel Delivery & Accounting Against Receiver

Petition at an "estimated amount of $4.9 million." The Petition lists WAB as a disputed secured creditor owed the amount of $2,826,343.28.

8. Despite knowledge of the Debtor's Petition, the Receiver failed to turnover the Property to the Trustee and provide an accounting. On February 3, 2015, the Trustee was informed that the Receiver would be filing a motion to retain possession of the Property.

9. The Trustee is entitled to immediate possession of the Property and an accounting from the Receiver. Demand upon WAB and the Receiver's counsel has been made for the turnover of the Property and for an accounting. WAB and the Receiver have not complied.

10. WAB has filed an Emergency Motion To Excuse Receiver From Turnover Pursuant to 11 U.S.C. § 543(d), which WAB requested be heard on shortened time. This court denied the request to have this motion heard on shortened time and ordered that it be set on regular notice. WAB renewed its request to have its motion heard on shortened time, which request for shortened time the Trustee does not now oppose based upon having received additional information, and this motion is set for hearing on February 25, 2015.

## Memorandum of Law

### A.  11 U.S.C. § 543 Requires The Receiver To Cease Administration, Deliver The Debtor's Assets To The Trustee, And File An Accounting

Pursuant to 11 U.S.C. § 543(a), upon knowledge of the commencement of a bankruptcy case, a previously-appointed custodian, or receiver,[2] must cease administration and make no disbursements. Section 543(b) requires a receiver to turn over any assets of the Debtor upon the filing of a bankruptcy petition, and provides as follows:

> (b) A custodian shall --
> (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
> (2) file an accounting of any property of the debtor, or proceeds, product,

---

Nevada. The Trustee's counsel has corresponded with landlord's counsel regarding the disposition of this property.

[2] 11 U.S.C. § 101(11) provides that the term "custodian" means a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title[.]"

Page 3 of 7

Motion To Compel Delivery & Accounting Against Receiver

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

11 U.S.C. § 543(b). Further, Fed.R.Bankr. P. 6002 provides in relevant part:

> (a) Accounting Required. Any custodian required by the Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and the administration thereof.

Thus,

> The statutory directive is to cease administration, 11 U.S.C. § 543(a), deliver property to the trustee, 11 U.S.C. § 543(b)(1), and account for all property, 11 U.S.C. § 543(b)(2). The import of § 543 is clear. Whether characterized as having been superseded, *In re 245 Associates, LLC*, 188 B.R. 743, 748 (Bankr.S.D.N.Y.1995); *In re Dressler Producing Corp.*, 262 F. 257, 260 (2d Cir.1919), terminated, *In re Northgate Terrace Apartments, Ltd.*, 117 B.R. 328, 331 (Bankr.S.D.Ohio 1990), deactivated, *In re Dill*, 163 B.R. 221, 225 (E.D.N.Y.1994), or devoid of power, *In re Broadmoor Enterprises Corp.*, 84 Misc.2d 120, 374 N.Y.S.2d 1013, 1016 (N.Y.Sup.1975), the conclusion is the same. The receivership is effectively over and done with; it has come to an end. Control over and decisions concerning the receivership's assets "become the domain of the bankruptcy court", *In re Sundance Corp., Inc.*, 149 B.R. 641 (Bankr.E.D.Wash.1993), and its authority is "paramount and exclusive." *Taylor v. Sternberg*, 293 U.S. 470, 472, 55 S.Ct. 260, 261, 79 L.Ed. 599 (1935); *In re Cook*, 101 F.2d 394, 398 (7th Cir.1938), *cert. denied, Fahey v. Cook*, 306 U.S. 642, 59 S.Ct. 583, 83 L.Ed. 1042 (1939). Nothing remains for the pre-petition receiver to do except to comply with § 543.

In re Rimsat, Ltd., 193 B.R. 499, 502 (Bankr. N.D. Ind. 1996).

Based upon the foregoing, under § 543, the Receiver must cease all administration of the Property and deliver all Property to the Trustee and file an accounting.

### B.    11 U.S.C. § 543(d) Does Not Excuse The Receiver From Delivering The Property To The Trustee

WAB has argued that it comes within the provisions of 11 U.S.C. § 543(d). Section 543(d)(1) may except a custodian from the turnover requirements of Section 543(b) if the interests of creditors, or equity holders, would be better served by permitting the custodian to continue in possession, custody or control of such property. See 11 U.S.C. §543(d)(1). The party seeking this exception under 543(d)(1) bears the burden of establishing cause to excuse the receiver from the turnover provisions of § 543(b). In re Northgate Terrace Apartments, Ltd., 117 B.R. 328, 332 (Bankr. S.D.Ohio 1990). Cause must be proved by the preponderance of the evidence. See, e.g., In re S.E. Hornsby & Sons Sand & Gravel Co., Inc., 57 B.R. 909, 913 (Bankr. M.D.La. 1986)

1  (preponderance of the evidence standard applied in turnover proceeding under § 543).

2       In considering whether a movant has met its burden in establishing cause to excuse the receiver from turnover, a court may consider several factors indicative of whether the interests of creditors would be better served, including: (1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the turnover property for the benefit of the creditors; (3) whether there has been mismanagement by the debtor; (4) whether or not there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and (5) the fact that the bankruptcy automatic stay has deactivated the state court receivership action. In re Northgate Terrace Apartments, Ltd., 117 B.R. at 332.

     In this case, the movant, WAB, cannot meet its burden of establishing cause under §543(d) because each of the factors weighs in favor of turnover. First, this is not a reorganization case but a liquidation case to allow for all creditors, not just WAB, to receive some payment on their claims. Moreover, realizing the maximum value of each asset is critical to the recovery of claims. The Petition provides that the accounts have an estimated value of $4,900,000, over two million greater than the amount owed WAB. The Trustee does not want to lose this value that could be paid to creditors, other than WAB. In fact, under the Receivership Order, the Receiver is only obligated to collect the accounts to pay WAB, not all creditors, and the Receiver's authority to collect on the accounts ceases when WAB has been paid in full. Specifically, the Receiver Order provides:

> Upon receipt by Receiver of notice from Plaintiff that Defendant has cured the defaults existing under the Loan Documents or that Plaintiff [sic], Receiver shall turn over possession, custody and control of the Receivership Property to either Plaintiff, Defendant or to the successful purchaser of the Receivership Property (whichever is appropriate), pursuant to an order of this Court. Receiver shall then be divested of the possession, custody, and control of the Receivership Property and, if consistent with existing law, Receiver shall have no further liability as to the Receivership Property.

See WAB's Motion, Ex. A, at p. 11, para. N (Doc. #10-1).

     Further, unlike the Trustee, the Receiver does not have a fiduciary obligation to maximize the value of the accounts, the most valuable of the Debtor's assets. It is more appropriate to

Motion To Compel Delivery & Accounting Against Receiver

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

require turnover under § 543 and permit all creditors an opportunity to receive a distribution in this case. Because of these considerations, the first factor examined by courts under § 543 favors turnover.

The second and third factors - whether the debtor will use the turnover property for the benefit of the creditors and whether there has been mismanagement by the debtor - also favor turnover. Here, the entire purpose of the bankruptcy is to maximize the value of the Debtor's remaining assets, and turnover will help accomplish this. While WAB has alleged there has been mismanagement by the Debtor and that "creditors and the estate will be harmed if the Accounts are returned to the Debtor," see motion at p.7, such mismanagement is now irrelevant, as the Trustee is in control of the Debtor's assets, not the Debtor. The Trustee has been a trustee since 1996 and has the specific experience to achieve the greatest return on the Debtor's assets. The Trustee has a fiduciary obligation to maximize assets for all creditors and can do so efficiently in a cost-effective manner, as she is located in Nevada (not Arizona as the Receiver is). Because the Trustee believes that turnover of property will lead to a maximum recovery, and because any alleged mismanagement of the Debtor is not relevant in the context of collecting the Accounts,[3] the second and third factors also favor turnover.

Finally, the fourth and fifth factors, the prospect of avoidance issues and the fact that the bankruptcy automatic stay has deactivated the state court receivership action, favor turnover. The Trustee believes that avoidable transfer actions, preference actions and/or fraudulent transfers, may exist. Preferences only exist in bankruptcy and fraudulent transfer actions are generally more easily pursued in bankruptcy court. It is not efficient to have the Trustee administer some assets of the Debtor, such as avoidable transfer actions and other unencumbered property, while the Receiver liquidates the accounts solely for WAB's benefit. In addition, the filing of this case

---

[3] WAB continues to argue that the Debtor "has mismanaged the Accounts prior to the receivership", see Motion at p. 7; however, in the Receivership Order the State Court found that the Debtor "based on the evidence presented, has not committed waste or taken improper actions with respect to the Defendant's Accounts or the Receivership Property . . [.]

Page 6 of 7

Motion To Compel Delivery & Accounting Against Receiver

imposes an automatic stay on the actions of the Receiver in State Court.[4]  Accordingly, the Receiver will not be able to maximize the recovery of the Debtor's assets for all creditors, nor does the Receiver have any incentive or authority to do so, whereas the bankruptcy process will allow for the maximization of the value of all assets for all creditors.  Turnover is proper.

In sum, the analysis of the factors examined by Courts all favor such turnover. As such, WAB has failed to meet its burden of demonstrating that the Receiver should be excused from turning over the Debtor's assets as required by 11 U.S.C. § 543(b). Given all of the facts, WAB cannot legitimately claim that it will, or can, administer assets to all creditors or even that it is in a better position to administer all of the assets of the Debtor. The Court should enforce § 543(b) and require turnover.

## CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that her Motion To Compel Delivery And Accounting Against Receiver Pursuant To 11 U.S.C. § 543 And Fed.R. Bankr. P. 6002 be granted and that this Court order that the Receiver: 1) immediately deliver all property of the Debtor in the Receiver's control and possession to the Trustee, and 2) file an accounting.

DATED: February 5, 2015.

*/s/ Jeanette E. McPherson*
Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Proposed Attorneys for Yvette Weinstein, Trustee*

---

[4] WAB has filed a motion for relief from automatic stay. This motion will not be heard until March 11, 2015. Thus, the ability of the Receiver to act under the receivership has been "suspended" until there is a determination with respect to the automatic stay.

Motion To Compel Delivery & Accounting Against Receiver